1  David Kaup 62547112
2  Federal Correctional Institute 2
   Post Office Box 3850
3  Adelanto, California 92301

FILED
CLERK, U.S. DISTRICT COURT
JUL 2 8 2015
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

4              UNITED STATES DISTRICT COURT

5            CENTRAL DISTRICT OF CALIFORNIA

6  DAVID KAUP,                 )   CV15-05692-RGK(PLAx)
7         Plaintiff,           )
   v.                          )   Case No. _____
8  Ben Ribeiro - VP,           )
   Collecto Inc. AKA EOS CCA,  )
9         Defendant.           )   **COMPLAINT**
10 _____ )

LODGED
CLERK, U.S. DISTRICT COURT
JUL 2 3 2015
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

11

12 A.              **JURISDICTION**

13     1.   This is an action that alleges that this court has federal

14 question jurisdiction pursuant to 28 U.S.C. § 1332 because:

15 a.      The plaintiff is an individual residing in and a citizen of the

16 State of California;

17 b.      The defendant is a corporation organized and existing under the

18 laws of the State of Massachusetts with its principle place of business in

19 Norwell, Massachusetts.

20 c.      There is a complete diversity of citizenship between the

21 plaintiff and the defendant.

22 B.              **DEFINITIONS**

23     2.   The plaintiff, David Kaup is a "consumer" as defined by

24 15 U.S.C. § 1692a(3), as " any natural person obligated or allegedly

25 obligated to pay any debt".

26     3.   The defendant, Collecto Inc. AKA EOS CCA is a "debt collector"

27 as defined by 15 U.S.C. § 1692a(6), as " any person who uses any

                        Page 1 of 9

instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly , any debts owed or due or asserted to be owed or due to another."

C.                    <u>STATEMENT OF THE CASE</u>

4.     On May 2, 2015, the plaintiff obtained a copy of his credit report from Equifax Information Services, Experian Information Solutions, and Trans Union, LLC through intermediary www.freecreditreport.com which revealed that Collecto Inc. AKA EOS CCA ("defendant") had placed an entry on the plaintiffs credit report communicating that the plaintiff allegedly had an account in default with the defendant in the amount $1,190.00. See Exhibit F.

5.     The defendant took receipt of the plaintiffs " Notice of Administrative Remedy", which was signed and executed May 11, 2015. In that document the plaintiff requested that the defendant validate the alleged debt pursuant to the Fair Debt Collection Practices Act or also known as "FDCPA", 15 U.S.C. § 1692g(a) and § 1692g(b) through regular mail. See Exhibit E.

6.     On May 15, 2015 and June 27, 2015, The plaintiff mailed to the three major credit reporting agencies, Equifax Information Services, Experian Information Solution, and Trans Union, LLC disputing that the debt owed to Collecto Inc. AKA EOS CCA in the amount of $1,190.00 was unknown, inaccurate and/or incomplete. In both letters, the plaintiff requested verification and proof of debt which if the investigation proved to be inaccurate, the plaintiff asked for the item to be removed permanantly from his personal credit profile. See Exhibit C & G.

7.     On June 27, 2015, A letter sent directly to the defendant

1   was requesting that the debt Collecto Inc. AKA EOS CCA was collecting was
2   Unknown, Inaccurate and/or Incomplete. Three notices was mailed directly
3   to the defendant advising them of the dispute on May 11, 2015, May 11,2015,
4   and June 27, 2015. **See Exhibit B,C,&D.**

5          8.       On June 30, 2015 A letter from the defendant was sent to the
6   plaintiff expressing that the original creditor was "Time Warner Cable".
7   In that letter, Collecto Inc. AKA EOS CCA states, " EOS CCA has received
8   your dispute regarding account number 59877712. Based on the information
9   you provided and a review of our records, the following serves as
10  verification of your outstanding debt." **See Exhibit A.**

11         9.       On May 11, 2015, A "Debt Collector Disclosure Statement" was
12  mailed to the defendant. The questionaire asked        qustions such as,
13  (1)  Name of the Debt Collector, (2) Address of Debt Collector, (12) Did
14  Debt Collector purchase this alleged account from previous debt collector?,
15  (15) What are the terms of the transfer of rights re this alleged account?,
16  (17) If the transfer of rights re this alleged account was by assignment,
17  was there consideration? (33) Does there exist verifiable evidence of an
18  exchange of a benefit or detriment between Debt Collector and alleged
19  Debtor? (37) Have any charge-offs been made by any creditor or debt
20  collector regarding this alleged account? (38) Have any insurance claims
21  been made by any creditor or debt collector regarding this alleged account?
22  (43) At the time the alleged original contract was executed, were all
23  parties apprised of the meaning of the terms and conditions of said
24  alleged original contract? and finally, (44) At the time the alleged
25  original contract was executed, were all parties apprised that said alleged
26  contract was a private credit instrument? **See Exhibit E.**

27         10.      Instead, a bill was sent to the plaintiff demanding that the

1  balance of $1,190.24 be paid to their company. After multiple attempts to

2  to verify assignment of debt, executed contracts, and verifiable evidence,

3  the defendant knowingly attempts to collect on a Unknown or Inaccurate debt.

4  D.                              CLAIM ONE

5     14.    The plaintiff asserts that the defendant violated section

6  15 U.S.C.  § 1692e(2)(A) of the Fair Debt Collections Practices Act when

7  the defendant reported to Equifax Information Services, Experian Information

8  Solutions, and Trans Union, LLC that the plaintiff is in default with

9  the defendant for the amount of $1,190 through assignment from the original

10  creditor. **See Exhibit A & F.**

11     15.    Tourgeman v. Collins Fin. Servs 755 F.3d 1119 states the "false

12  representation of the character, amount, or legal status of any debt" is

13  prohibited by the ("FDCPA"). The defendant intended to manipulate the

14  plaintiff by falselyrepresenting the alleged debt even though it was

15  never assigned by the original creditor and the multiple

16  Notices that the plaintiff sent to the defendant stating that he has been in

17  Jail since the account was opened in September of 2014.

18     16.    The plaintiff hereby seeks statutory damages in the amount of

19  $1,000.00 for each of the three (3) violations of 15 U.S.C.  § 1692e(2)(A)

20  made by the defendant.

21  E.                              CLAIM TWO

22     17.    The plaintiff asserts that the defendant violated section

23  15 U.S.C.  § 1692e(8) of the Fair Debt Collections Practices Act when the

24  defendant communicated false informaton concerning the alleged debts

25  which the plaintiff never owed to the defendant. The defendant

26  communicated to Equifax, Information Services, Experian Information

27  Solutions and Trans Union, LLC false information, stating that Collecto Inc.

1  AKA EOS CCA had been assigned the task to collect said debt from the

2  plaintiff, The defendant never verified assignment of debt,executed contracts

3  nor submitted any evidence of debt to the plaintiff.   **See Exhibit E**

4      18.   Guerrero v. RJM Acquisitions LLC. 499 F.3d 943 (9th Cir. U.S.

5  App LEXIS 20072) states " Communicating or threatening to communicate to

6  any persons credit information which is known....to be false." In order

7  to sustain section 1692e(8), Collecto Inc. AKA EOS CCA never had valid

8  assignment authorizing them to pursue and report to all three credit

9  bureaus alleged debt associated with the plaintiff.

10     19.   The plaintiff hereby seeks statutory damages in the amount of

11 $1,000.00 for each of the three (3) violations of 15 U.S.C. § 1692e(8)

12 made by the defendant.

13 F.                          CLAIM THREE

14     20.   The plaintiff asserts that the defendant violated section

15 15 U.S.C. § 1692e(10) of the Fair Debt Collections Practices Act ("FDCPA")

16 when the defendant used false and deceptive means to collect debts from

17 the plaintiff in the amount of $1,190.00. The original debt had been

18 written off by the creditor which indicated the Monthly Payment, High

19 Balance, and Limit as $0.00. By communicating false information, the

20 defendant attempted to gain an advantage of an unsophisticated consumer

21 through false misrepresentation.

22     21.   Heathman v. Portfolio Recovery Assocs., LLC, U.S. Dist. LEXIS

23 27057 (9th Cir. 2013) states, " A debt collector violates [section

24 1692e(10)] if it ' use[s]....a false representation or deceptive means

25 to collect or attempt to collect any debt or to obtain information

26 concerning a consumer' ( a debt collectors representation that a debt is

27 owed to it when in fact it is not, amoutns to a misrepresentation barrred

1  by the "FDCPA".

2      22.    The plaintiff hereby seeks statutory damages in the amount of

3  $1,000.00 for each violation of 15 U.S.C. § 1692e(10) made by the

4  defendant.

5  G.                          <u>CLAIM FOUR</u>

6      23.    The plaintiff asserts that defendant violated section 15 U.S.C.

7  § 1692e(12) of the Fair Debt Collections Practices act when the defendant

8  communicated the false representation that the alleged accounts were

9  turned over to Collecto Inc. AKA EOS CCA for value to Equifax Information

10 Services, Experian Information Solutions, and Trans Union LLC. The

11 defendant never received valid assignment to pursue or report to the

12 major credit reporting agencies regarding the debts associated with the

13 plaintiff.

14     24.    On May 11, 2015, The plaintiff mailed a " Debt Disclosure

15 Statement" to Collecto Inc. AKA EOS CCA. **See Exhibit E.** There are several

16 questions that are asked regarding the transfer and assignment of the

17 original debt which the defendant never answered. The plaintiff never

18 received any proof of valid assignment, verification of transfer right of

19 debt, nor evidence that the defendant had the right to collect on a debt

20 as a "Third Party" by the original creditor " Time Warner Cable".

21     25.    Fortunato v. Hopp Law Firm, LLC, 2012 U.S. Dist. LEXIS 152712

22 (9th Circuit) states, "Section 1692e(12) prohibits the false representation

23 or implication that accounts have been turned over to innocent purchasers

24 for value".

25     26.    When determining whether a misrepresentation in a debt collection

26 has been made, the court must apply the    "least sophisticated debtor"

27 standard. The analysis is objective and " Takes into account whether the

1  whether the " Least sophisticated debtor " would likely be misled by a

2  communication." (quoting Donohue v. Quick Collect, Inc., 592 F.3d 1027.

3  1030 (9th Cir.)) The plaintiff was falsely represented by the defendant

4  of the transfer of debt by the original creditor.

5       27.    The plaintiff hereby seeks statutory damages in the amount

6  of $1,000.00 for each of the three (3) violations of 15 U.S.C. § 1692e(12)

7  made by the defendant.

8  H.                          **CLAIM FIVE**

9       28.    The plaintiff asserts that the defendant violated section

10  15 U.S.C.  § 1692f(1) of the Fair Debt Collection Practices Act when the

11  defendants unconscionable means to attempt to collect alleged debts by

12  reporting to Equifax Information Services, Experian Information Solutions,

13  and Trans Union LLC that Collector Inc. AKA EOS CCA had obtained legal

14  permission documented by a valid assignment that the plaintiff was now in

15  default with debts owed to the defendant. This was an attempt to force the

16  plaintiff to pay monies allegedly owed to the defendant when in fact ,

17  no evidence was ever sent to the plaintiff that he owed the said debt.

18       29.    Sukiasyan v. OCS Recovery Inc., U.S. Dist. LEXIS 29877 (9th

19  Cir. 2013) states, " a debt collector may not use unfair or unconscionable

20  means to collect or attempt to collect any debt. Without limiting the

21  general application of the foregoing, the following conduct is a

22  violation of this section: (1) The collection of any amount (including

23  any interest, fees, charge, or expense incidental to the principle

24  obligation) unless such amount is expressingly authorized by the

25  agreement creating the debt or permitted by law." Minus the agreement to

26  collect on the attempted debt, the defendant is in direct violation of this

27  section.

30.     The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for each of the three (3) violations of 15 U.S.C. § 1692f(1) made by the defendant.

I.                          <u>DAMAGES</u>

31.     15 U.S.C. § 1692k - Civil Liability - (a) Amount of Damages - Except as otherwise prohibited by this section, any debt collector who fails to comply with any provision of this title [15 USCS §§ 1692 et seq.] with respect to any person liable to such person in the amount equal to the sum of:

(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00

J.                          <u>REQUESTED RELIEF</u>

CLAIM ONE:     The violation of 15 U.S.C. § 1692e(2)(A) is $1,000.00 for the false representation of debt reported to Equifax Information Services, Experian Information Solutions, and Trans Union LLC.

<u>TOTAL DAMAGES:</u>                    + $3,000.00

CLAIM TWO:     A violation of 15 U.S.C. § 1692e(8) of the ("FDCPA") is $1,000.00 for submitting false information to each of the three credit reporting agencies, Equifax Information Services, Experian Information Solutions, and Trans Union LLC by the defendant.

<u>TOTAL DAMAGES:</u>                    + $3,000.00

CLAIM THREE:     A violation of 15 U.S.C. § 1692e(10) of the ("FDCPA") is $1,000.00 for the false communication by the defendant to Equifax Information Services, Experian Information Solutions, and Trans Union LLC.

<u>TOTAL DAMAGES:</u>                    + $3,000.00

CLAIM FOUR:     A violation of 15 U.S.C. § 1692e(12) of the ("FDCPA") is

$1,000.00 for the false representation by the defendant regarding the plaintiffs alleged debt reported to Equifax Information Services, Experian Information Solutions, and Trans Union LLC.

**TOTAL DAMAGES:** + $3,000.00

**CLAIM FIVE:**   A violation of 15 U.S.C. § 1692f(1) of the ("FDCPA") is $1,000.00 for the unconscionable means used by the defendant to attempt to collect on a debt by the plaintiff knowing the debt had been "Written Off" by the original creditor. This includes reporting to the three major credit reporting agencies Equifax Information Services, Experian Information Solutions, and Trans Union LLC of the unconscionable means to collect a debt.

**TOTAL DAMGES:** + $3,000.00

32.    The total amount of damages requested by the plaintiff is $15,350.00.

33.    The $350.00 added is the court cost associated with this section.

I David Kaup, hereby declare under penalty of perjury in the State of California, that the information stated above and any attachments to this form is true and correct.

DATED: 07/17/2015                    BY _____
                                          David Kaup



Exhibit A



June 30, 2015

EOS CCA
700 LONGWATER DRIVE
NORWELL, MA 02061

**Office Hours:**

| | | |
|---|---|---|
| Monday - Thursday: | 8:00 AM - 9:00 PM | ET |
| Friday: | 8:00 AM - 5:00 PM | ET |
| Saturday: | 8:00 AM - 12:00 PM | ET |

Toll Free : **1-877-857-9757**
Phone Number: **1-781-753-4156**

**RE:**
Your Account with our Client: **TIME WARNER CABLE**
Reference #: **8448300741870205**
Agency Account #: **59877712**
Original Creditor, if different from Client:

EOS CCA has received your dispute regarding account number 59877712. Based on the information you provided and a review of our records, the following serves as verification of your outstanding debt:

**Consumer Identification**
Name:                                     DAVID KAUP
Address                                   62547112 FCI 2 PO BOX 3850
                                          ADELANTO CA 92301:
Last 4 digits of SSN:                     XXX-XX-0112

**Original Creditor**                     Time Warner Cable
                                          3140 West Arrowhead Rd
                                          Charlotte NC Charlotte

Original Creditor Account #:              8448300741870205

**Current Creditor if different from Original Creditor**


EOS CCA Account #:                        59877712

**Current Balance**
Principal:                                $ 245.24
Interest:                                 $ 0.00
Fees/Coll Costs                           $ 945.00
Total Balance:                            $ 1190.24

The above information has been verified as correct.  If you have any questions please contact our Consumer Relations Department at 1-877-857-9757 for further assistance.

Yours truly,
Consumer Relations Department

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Be advised this account is a time-barred debt and no legal action may be filed against you.

DEF-59877712-1911-063015-345-GEN-01471-

PO BOX 981002
BOSTON, MA 02298-1002          

FORWARD SERVICE REQUESTED


PERSONAL & CONFIDENTIAL
01471

||l|ll||ll||IIIII|l||ll|l|ll|l||l|l||ll|ll||IIIII|ll||IIII

DAVID KAUP
PO BOX 3850          
ADELANTO CA  92301-0709

Exhibit B

## NOTICE

**DATE:** 05/11/2015

David Kaup
_____
**(Consumer)**

**Certified Mail Number**
**#**
**Social Security Number**
**#** 612-03-xxxx

**Alleged Account(s)**
**#** 5987xxxx

EOS CCA
_____
**(Debt Collector)**

**SUBJECT:** Request for Validation of Debt, and Notice of Reservation of Rights for initiating a Counter Claim against the Debt Collector's official Bond.

**Consumer's Private Notice of Administrative Remedy**

The private notice of administrative remedy demand is binding upon every principle agent regarding the subject matter set forth herein above.

Written communication for Validation of alleged debt(s) pursuant to Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (a)(1).

It has come to my attention after reviewing a copy of my credit report dated 05-01-2015 that your agency has communicated to Equifax, Transunion or Experian that I owe ($) 1,190.00 to your company. Please note that I consider your demand for money a written communication from a debt collector. I now exercise my rights pursuant to 15 U.S.C. § 1692(a)(1) and request validation of the alleged debt.

I have included with this notice for proof of debt also known as a "DEBT COLLECTION DISCLOSURE STATEMENT" for the legitimate purpose of insuring that your agency's validation is executed in accordance with the laws codified in TITLE 15 U.S.C. § 1692g and must be completed in full by your agency and returned to me within thirty days

30

of your agency's receipt.

CAVEAT

1.      I am respectfully providing advance notice to your agency of the civil liabilities under **TITLE 15 U.S.C. § 1692** for failure to comply with said provisions of this title [15 USCS§§ 1692 et seq.].

2.      Upon receipt of this **NOTICE,** The debt collector must cease all collection activity regarding the alleged debt(s) until the respondent is sent the herein requested verification as required by the **FAIR DEBT COLLECTION PRACTICES ACT.**

3.      If debt collector, such as by commission, omission, and other wise:

> (a) Fails in giving respondent full disclosure regarding the nature and cause of debt collector's claim concerning the herein above referenced alleged debt.

> (b) Makes false representation of the character of herein above referenced alleged debt.

> (c) Makes false representation of the legal status of the herein above referenced alleged debt.

> (d) Makes any threat of action that cannot legally be taken in violation of any applicable law, such as the law at the **FAIR DEBT COLLECTION PRACTICES ACT.**

Respondent may initiate a counterclaim and claim against the debt collector's bond as well as bonds of any principle agent, and assignee of debt collector whose acts and omissions result in the respondent sustaining any tort injury.

4.      Debt Collector is also hereby given **Notice** that:

PAGE 2 of 5

DISCLOSURE STATEMENT ATTACHED

    (a) Debt Collector's unsubstantiated demand for payment. A a scheme to be delivered by mail may constitute mail fraud under the State and Federal Laws. (Debt Collector may wish to consult with a competent legal council before originating any further communication with respondent)

    (b) Debt Collector's failure in providing respondent the requisite Verification, Validating the above referenced alleged debt within the requirements of law as coded in the **FAIR DEBT COLLECTION PRACTICES ACT** and the corresponding laws of each state signifies that debt collector tacitly agrees that:

I    Debt Collector has no lawful, bona fide, verifiable claim regarding the above referenced alleged account.

II    Debt Collector waives any and all claims against respondent.

III    Debt Collector tacitly agrees that Debt Collector will **compensate** respondent for al cost, fees, and expenses incurred in defending against this claim and any continued fraudulent collection attempts regarding the above referenced alleged account.

5.    This is also an attempt for determining the nature and basis of a case or counterclaim against the debt collector, and any information contained within debt collector's commission, omission, and the like will be used for that purpose.

PAGE 3 of 5

THIS IS A NOTICE OF RESERVATION OF RIGHT FOR INITIATING A

COUNTERCLAIM AND FILING A CLAIM AGAINST AN OFFICIAL BOND:

EOS CCA
NAME OF COMPANY OR BOND HOLDER

***CAVEAT***

7.     In the event that the debt collector does not respond to this "Notice" within the prescribed time limit for repon‖e and there has likewise been no request for extension of time with good cause shown therein, then the debt collector agrees that debt collector has submitted a fraudulent claim against respondent, and reespondent can file a law suit for costs, fees, and injuries incurred defending against this fraudulent collection by debt collector regarding the above referenced account.

PAGE 4 of 5

## VERIFICATION AND CERTIFICATION

8.    The undersigned consumer,  David Kaup          does herein
swear, declare, and affirm that this notice for validation of debt
and reservation of rights that the consumer can competently state the
matter set forth herein, that the contents are true, correct, and
complete. This verification and certification is executed this 11th
day of May-2015  .

_____
(Signature of Consumer)


## PROOF OF SERVICE

    I declare under penalty of perjury under the State of
California that I personally mailed a   "Notice for Validation of
Debt" (5 Pages) and "Debt Collector's Disclosure Statement" (3 Pages)
to all parties listed below at:

EOS CCA
PO BOX 981025
BOSTON, MA 02298

On this  11th     day of  May-2015      , I certify this to be true,
correct, and complete.

_____
(Signature of Consumer)


PAGE 5 of 5

TRULINCS 62547112 - KAUP, DAVID - Unit: VVM-A-U

----------------------------------------------------------------------------------------

FROM: 62547112
TO:
SUBJECT: EOS CCA

Date:
05/15/2015

Name:
David Kaup

DOB:
01/26/1983

SSN:
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

Mailing Address:
David Kaup - 62547112
Federal Correction Institute 2
Po Box 3850
Adelanto, CA 92301

To Experian - Trans Union and/or Equifax,

I obtained a copy of my consumer credit report through intermediary www.freecreditreport.com on 05/02/2015. I am sending this letter to dispute matters below which do not belong to me. I have been incarcerated in Federal Prison since 11/26/2013. I requested verification of any debts owed to EOS CCA and I have not received a response. I would like this permanently remove this item off of my personal credit report. The information of debt owed is inaccurate and incomplete. Thank You

Account Name: EOS CCA
Address: Po Box 981025, Boston MA 02298
Status: Open
Account# 5987XXXXX
Date Opened: 09/01/2014

Exhibit D

<u>CREDIT BUREAU DISPUTE NOTICE</u>

| Personal Information | Disputed Account Information |
|---|---|
| Name: David Kaup<br>Social Security Number:<br>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<br>Date Of Birth: 01/26/1983 | Creditor/Debt Collector Name:<br>  EOS CCA<br><br>Account Number: 5987XXXX |
| Mailing Address:<br>David Kaup-62547112<br>Federal Correctional Institute 2<br>PO BOX 3850<br>Adelanto, California 92301 | Balance Owed: $1,190.00<br>Date Opened: 09/01/2014<br>Payment Status: Charge Off Collections<br>Creditor/Debt Collector Address:<br>  Po Box 981025<br>  Boston, MA 02298 |

Date of Notice: 06/27/2015

RE: <u>Third Notification</u> of dispute for Unknown, Inaccurate and/or Incomplete information regarding my personal credit profile.

To EOS CCA,

    I sent a request to validate proof of debt which was signed on May, 11, 2015. I never received a response from your company regarding my request. A follow up notice was sent to all three major credit reporting agencies on May 25, 2015. I forwarded a copy to your company as well. In that letter, I noted that the debt you are trying to collect is Unknown, Inaccurate, and/or Incomplete. In addition, the debt you are reporting is occured while I am serving a federal prison sentence.

    In the event that your company does not respond to this "NOTICE" within <u>30</u> days of the date enclosed, I will begin the process to file a claim against your company. I have <u>exhausted</u> all Administrative Remedy options.

    For the several reasons, above, I politely ask that you notify all three credit reporting agencies of this error and remove the debt above from my personal credit profile immediatly.

Thank You,

David Kaup

## DEBT COLLECTOR DISCLOSURE STATEMENT
### Re "Offer of Performance"

This statement and the answers contained herein may be used by Respondent, if necessary, in any court of competent jurisdiction.

**Respondent's Private NOTICE Administrative Remedy Demand No. .** _____

<u>Notice</u>: This Debt Collector Disclosure Statement is not a substitute for, nor the equivalent of, the hereinabove-requested verification of the record, i.e. *"Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition"* (Black's Law Dictionary, Sixth Edition, 1990), re the alleged debt, and must be completed in accordance with the *Fair Debt Collection Practices Act*, 15 USC §1692g, applicable portions of *Truth in Lending* (*Regulation Z*), 12 CFR 226, and demands as cited above in Offer of Performance. Debt Collector must make all required disclosures clearly and conspicuously in writing re the following:

1.  Name of Debt Collector: ...............................................................................................................

2.  Address of Debt Collector: ..........................................................................................................

3.  Name of alleged Debtor: ..............................................................................................................

4.  Address of alleged Debtor: ..........................................................................................................

5.  Alleged Account Number: ............................................................................................................

6.  Alleged debt owed: $.....................................................................................................................

7.  Date alleged debt became payable: .............................................................................................

8.  Re this alleged account, what is the name and address of the alleged Original Creditor, if different from Debt Collector?

    ...................................................................................................................................................

9.  Re this alleged account, if Debt Collector is different from alleged Original Creditor, does Debt Collector have a bona fide affidavit of assignment for entering into alleged original contract between alleged Original Creditor and alleged Debtor?
    YES   NO

10. Did Debt Collector purchase this alleged account from the alleged Original Creditor?   YES   NO   N/A (Not Applicable)

11. If applicable, date of purchase of this alleged account from alleged Original Creditor, and purchase amount:

    Date: .......................................................... Amount: $...........................................................

12. Did Debt Collector purchase this alleged account from a previous debt collector?   YES   NO   N/A

13. If applicable, date of purchase of this alleged account from previous debt collector, and purchase amount:

    Date: .......................................................... Amount: $...........................................................

14. Regarding this alleged account, Debt Collector is currently the:

    (a) Owner; (b) Assignee; (c) Other – explain: ...........................................................................

    ...................................................................................................................................................

15. What are the terms of the transfer of rights re this alleged account? ......................................

    ...................................................................................................................................................

16. If applicable, transfer of rights re this alleged account was executed by the following method:

    (a) Assignment; (b) Negotiation; (c) Novation; (d) Other – explain:..........................................

    ...................................................................................................................................................

17. If the transfer of rights re this alleged account was by assignment, was there consideration?   YES   NO   N/A

18. What is the nature and cause of the consideration cited in # 17 above? .................................................................
.............................................................................................................................................................................
.............................................................................................................................................................................

19. If the transfer of rights re this alleged account was by negotiation, was the alleged account taken for value?
YES   NO   N/A

20. What is the nature and cause of any value cited in #19 above? .........................................................................
.............................................................................................................................................................................

21. If the transfer of rights re this alleged account was by novation, was consent given by alleged Debtor?   YES   NO   N/A

22. What is the nature and cause of any consent cited in # 21 above?......................................................................
.............................................................................................................................................................................

23. Has Debt Collector provided alleged Debtor with the requisite *verification* of the alleged debt as required by the *Fair Debt Collection Practices Act*?   YES   NO

24. Date said verification cited above in # 23 was provided alleged Debtor: ..........................................................

25. Was said verification cited above in # 23 in the form of a sworn or affirmed oath, affidavit, or deposition?   YES   NO

26. Verification cited above in # 23 was provided alleged Debtor in the form of:   OATH   AFFIDAVIT   DEPOSTION

27. Does Debt Collector have knowledge of any claim(s)/defense(s) re this alleged account?   YES   NO

28. What is the nature and cause of any claim(s)/defense(s) re this alleged account? ..........................................

29. Was alleged Debtor sold any products/services by Debt Collector?   YES   NO

30. What is the nature and cause of any products/services cited above in # 29? ....................................................
.............................................................................................................................................................................

31. Does there exist a verifiable, bona fide, original commercial instrument between Debt Collector and alleged Debtor containing alleged Debtor's bona fide signature?   YES   NO

32. What is the nature and cause of any verifiable commercial instrument cited above in # 31? ........................
.............................................................................................................................................................................

33. Does there exist verifiable evidence of an exchange of a benefit or detriment between Debt Collector and alleged Debtor?
YES   NO

34. What is the nature and cause of this evidence of an exchange of a benefit or detriment as cited above in # 33?
.............................................................................................................................................................................

35. Does any evidence exist of verifiable external act(s) giving the objective semblance of agreement between Debt Collector and alleged Debtor?   YES   NO

36. What is the nature and cause of any external act(s) giving the objective semblance of agreement from #35 above?
.............................................................................................................................................................................

37. Have any charge-offs been made by any creditor or debt collector regarding this alleged account?   YES   NO

38. Have any insurance claims been made by any creditor or debt collector regarding this alleged account?   YES   NO

39. Have any tax write-offs been made by any creditor or debt collector regarding this alleged account?   YES   NO

40. Have any tax deductions been made by any creditor or debt collector regarding this alleged account?   YES   NO

41. Have any judgments been obtained by any creditor or debt collector regarding this alleged account?   YES   NO

42. At the time the alleged original contract was executed, were all parties apprised of the meaning of the terms and conditions of said alleged original contract?   YES   NO

43. At the time the alleged original contract was executed, were all parties advised of the importance of consulting a licensed legal professional before executing the alleged contract?   YES   NO

44. At the time the alleged original contract was executed, were all parties apprised that said alleged contract was a private credit instrument?   YES   NO

Debt Collector's failure, both intentional and otherwise, in completing/answering points "1" through "44" above and returning this Debt Collector Disclosure Statement, as well as providing Respondent with the requisite *verification* validating the hereinabove-referenced alleged debt, constitutes Debt Collector's tacit agreement that Debt Collector has no verifiable, lawful, bona fide claim re the hereinabove-referenced alleged account, and that Debt Collector tacitly agrees that Debt Collector waives all claims against Respondent and indemnifies and holds Respondent harmless against any and all costs and fees heretofore and hereafter incurred and related re any and all collection attempts involving the hereinabove-referenced alleged account.

<u>Declaration</u>: The Undersigned hereby declares under penalty of perjury of the laws of this State that the statements made in this Debt Collector Disclosure Statement are true and correct in accordance with the Undersigned's best firsthand knowledge and belief.

_____          _____
Date                                                          Printed name of Signatory

_____          _____
Official Title of Signatory                            Authorized Signature for Debt Collector

Debt Collector must timely complete and return this Debt Collector Disclosure Statement, along with all required documents referenced in said Debt Collector Disclosure Statement.  Debt Collector's claim will not be considered if any portion of this Debt Collector Disclosure Statement is not completed and timely returned with all required documents, which specifically includes the requisite *verification*, made in accordance with law and codified in the *Fair Debt Collection Practices Act* at 15 USC §1692 et seq., and which states in relevant part: "*A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt*," which includes "*the false representation of the character, or legal status of any debt*," and "*the threat to take any action that cannot legally be taken*," all of which are violations of law.  If Debt Collector does not respond as required by law, Debt Collector's claim will not be considered and Debt Collector may be liable for damages for any continued collection efforts, as well as any other injury sustained by Respondent.  Please allow thirty (30) days for processing after Respondent's receipt of Debt Collector's response.

Respondent's Private  Notice Administrative Remedy Demand

Exhibit F

TRULINCS  62547112 - KAUP, DAVID - Unit: VVM-A-U

--------------------------------------------------------------------------------

Potentially Negative Closed
Account Name CAPITAL ONE BANK USA N
Account # 51780572XXXX
Account Type Bank Credit Cards
Balance $0.00
Past Due $0.00
Date Opened 9/1/2007
Account Status Closed
Mo. Payment $0.00
Payment Status Paid, was past due 120 days
High Balance $517.00
Limit $300.00
Terms Revolving


8777417302
4200 INTERNATIONAL PKWY
CARROLLTON, TX 75007
Unknown


Account Type Other Collection Agencies
Balance $1,060.00

Date Opened ..../2010
Account Status
Mo. Payment $0.00
Payment Status Seriously past due date / assigned to attorney, collection agency, or credit grantor's internal collection department
High Balance$0.00
Limit $0.00
Terms 1 Month

EOS CCA
PO BOX 981025
BOSTON, MA 02298
Unknown
Account Name EOS CCA
Account # 5987XXXX
Account Type Other Collection Agencies
Balance $1,190.00
Past Due $1,190.00
Date Opened 9/1/2014
Account Status
Mo. Payment $0.00
Payment Status Seriously past due date / assigned to attorney, collection agency, or credit grantor's internal collection department
High Balance $0.00
Limit $0.00
Terms Unknown

INANCIAL CREDIT NETWO
5597337550
1300 W MAIN ST
VISALIA, CA 93291
Unknown
Account Name FINANCIAL CREDIT NETWO
Account #792XXXX
Account Type Other Collection Agencies

## CREDIT BUREAU DISPUTE NOTICE

| Personal Information | Disputed Account Information |
|---|---|
| Name: David Kaup | Creditor/Debt Collector Name: |
| Social Security Number: | EOS CCA |
| 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 | |
| Date Of Birth: 01/26/1983 | Account Number: 5987XXXX |
| Mailing Address: | Balance Owed: $1,190.00 |
| David Kaup-62547112 | Date Opened: 09/01/2014 |
| Federal Correctional Institute 2 | Payment Status: Charge Off Collections |
| PO BOX 3850 | Creditor/Debt Collector Address: |
| Adelanto, California 92301 | Po Box 981025 |
| | Boston, MA 02298 |

Date of Notice: 06/27/2015
RE: <u>Third Notification</u> of dispute for Unknown, Inaccurate and/or Incomplete information regarding my personal credit profile.

To Experian - Trans Union - Equifax,


      I sent a request to validate proof of debt which was signed on May 11, 2015 as a first request. A second request was sent to your credit reporting agency on May 25, 2015 without a response. In both letters, I noted that the creditor above has placed an account that is Unknown, Inaccurate, and/or Incomplete. This is a third and final Notice to your agency disputing the alleged account because it is Unknown, Inaccurate, and/or Incomplete.

      In the event that your credit reporting agency does not respond to my " DISPUTE NOTICE" within 30 days of receipt, I will begin the process to file a claim against your company. I have EXHAUSTED all Administrative Remedy options available.

      For the several reasons above, I politely ask that you remove this from my credit profile immediatly.


Thank You,


David Kaup



DAVID KAUP 6954711?
FEDERAL CORRECTIONAL INSTITUTE?
P.O. BOX 3805 C
ADELANTO, CA 92301

LEGAL MAIL

Federal Correctional Complex
C/O Mail Room
P.O. Box 5400
Adelanto, CA 92301          Date: JUL 20 2015

"The enclosed letter was processed
through special mailing procedures for
forwarding to you. The letter has neither
been opened nor inspected. If the writer
raises a question or problem o⁺ which
this facility has jurisdiction, you may wish
to return the material for further information
or clarification. If the writer encloses
correspondence for forwarding to another
addressee, please return the enclosure to
the above address."

United States District Court
Office of the Clerk
U.S. Courthouse, Room 68
Los Angeles, CA 90012

CLERK, U.S. DISTRICT COURT
JUL 23 2015
CENTRAL DISTRICT OF CALIFORNIA
BY

EV Complaint